```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

VINCENT MARGIOTTI,

               Plaintiff,

v.                                      Case No. 3:05-cv-322-J-32HTS

INSPECTOR RILEY RHODEN,

               Defendant.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits for lying under penalty of perjury about the existence of a prior lawsuit should count as a "strike" because this type of dismissal "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera, 144 F.3d at 731. The Court takes judicial notice of the following cases filed by Plaintiff in this Court that were dismissed for lying under penalty of perjury about the existence of prior lawsuits: (1) Case No. 3:04-cv-226-J-25TEM; (2) Case No. 3:05-cv-261-J-12MMH; (3) Case No. 3:05-cv-263-J-99TEM; and, (4) Case No. 3:05-cv-264-J-16MMH.[1]

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's application to proceed in forma pauperis (Doc. #2) is **DENIED.**

2. This case is hereby **DISMISSED** without prejudice.

---

[1] The Court also notes that Plaintiff's appeal of the Court's Order of Dismissal Without Prejudice in Case No. 3:04-cv-680-J-20HTS was dismissed as frivolous.

     3.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

     4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May, 2005.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/3
c:
Vincent Margiotti